## Seidman v. Chabrow.

*Practice, C. P.—Assumpsit—Affidavit of defence—Sufficiency.*

In an action of *assumpsit* to recover money paid on account of the purchase of real estate, it appeared that by the contract of the parties the first or down payment of $500 was to be retained by the vendor as liquidated damages in the event of breach by the vendee. Vendee made payment of $500 down, and a second payment of $250, but did not complete other payments and never demanded a deed. The contract relieved vendor from the necessity of tendering a deed. Vendee sought to recover the entire $750, on the ground that vendor never acquired legal title to the property and was not able to perform the contract obligation to convey: *Held,* that an affidavit of defence which averred that vendor had equitable title and was ready and able to obtain the legal title and would have performed if the vendee had paid the balance due was sufficient to prevent judgment for vendee as to the $500 first paid, but not as to the $250 subsequently paid on account.

Rule for judgment for want of a sufficient affidavit of defence, or for the amount as to which the affidavit is insufficient. C. P. No. 5, Phila. Co., June T., 1920, No. 2646.

*J. Gross,* for plaintiff; *J. Levi,* for defendant.

MARTIN, P. J., July 7, 1924.—Suit was instituted to recover $750 paid on account of the purchase price for real estate. The statement of claim, to which a copy of the agreement of sale is annexed, avers that plaintiff, the vendee, paid the defendant, vendor, $750. Of this sum $500 was paid at the time of signing the contract, and it was stipulated, upon breach by the vendee, that sum be retained by the vendor as liquidated damages. Time was made the essence. A further instalment of $250 was paid by plaintiff, but no payment or tender of the balance of the purchase price was made by him, and no date was arranged for a settlement; nor was a deed prepared for defendant to execute, and no demand was made upon him for a conveyance. The agreement in express terms relieved the vendor from the necessity of tendering a deed to the vendee.

After the expiration of the time provided for the conveyance, this suit was brought by the vendee to recover the money paid by him on account.

In his statement of claim plaintiff alleged that "at no time during the period fixed in the agreement, to wit, fifty days from May 2, 1919, did defendant obtain title to said premises, nor was he able, during the lifetime of said agreement, to convey the same to plaintiff in accordance with his undertaking."

Defendant admits in his affidavit that he did not obtain the legal title to the premises until after the expiration of the fifty days, but avers that he owned the equitable title to the properties during the period of time within which the conveyance was to be made to plaintiff, and that defendant's vendors would have conveyed the properties to him within the time if plaintiff had fixed a time for settlement. The affidavit also avers that defendant "was ready, able and willing during the lifetime of the agreement to convey the said properties," but the plaintiff was not able, ready and willing to carry out the terms of the agreement and pay the balance due. Defendant claims to have suffered a loss in excess of $500 by reason of the market value of the properties being more than $750 less than the price fixed in the agreement of sale; but having stipulated in the agreement that the damages should be liquidated by the forfeiture of $500, he is bound by its terms.

It appears from the affidavit, which must be accepted as true for the purposes of this rule, that defendant during the life of the agreement was ready, able and willing to convey the properties upon reasonable notice of plaintiff's

desire for a settlement, that he owned the equitable title, and that his vendors, while holding the legal title, would have conveyed the properties to him "within the time fixed in defendant's agreement with the plaintiff," but that plaintiff was not able, ready and willing to carry out the terms of the agreement and pay the balance due, that he defaulted and forfeited the $500 stipulated as the liquidated damages.

And now, to wit, July 7, 1924, it is ordered that the rule for judgment be made absolute for the sum of $250, as to which the affidavit of defence is insufficient, and as to the balance of the claim the rule is discharged.